**SO ORDERED.**

**SIGNED this 18 day of April, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE<br><br>JESTEBAN AGUILAR ESCALERA & BLANCA ESCALERA<br><br>*DEBTORS* | BANKR. CASE NO.<br><br>06-50265-C<br><br>CHAPTER 13 |

### Order Denying Motion to Extend Time to File Motion for Extension of Stay Pursuant to § 362(c)(3)(B)

CAME ON for consideration the foregoing matter. The debtors filed this case on February 15, 2006. The debtors did not file a motion to extend the automatic stay pursuant to § 362(c)(3)(B) until April 4, 2006. On April 13, 2006, this court entered an order dismissing the debtors' motion as moot because it was not possible to grant relief outside the 30 day window provided in the statute. The debtors did not file a motion to reconsider the court's order. Instead, the debtors filed a request to extend the time to file out of time. This pleading was filed on April 17, 2006.

It is too late to extend the time to file the motion, as their pleading requests, because the court has already ruled on the motion, dismissing it as untimely.

The basis urged for extension of the time to file is precisely the point on which the court has already ruled in dismissing the original motion – the statute does not make any provision for an extension of the time provided in the motion. To the contrary, Congress has been clear with the words that it has chosen that no extension of time is possible under the statute. Subsection (A) states that, if the debtor was a debtor in a case that was pending in the year previous to the filing of the current case, then "the stay under subsection (a) [of section 362] with respect to any action taken with respect to a debt or property securing such debt ... *shall terminate* with respect to the debtor *on the 30th day after the filing* of the later case." 11 U.S.C. § 362(c)(3)(A). To prevent this automatic termination, the statute goes on to state that "... the court may extend the stay ... as to any or all creditors ... after notice *and a hearing completed before the expiration of the 30-day period only if* the debtor demonstrates that the filing of the later case is in good fath as to the creditors to be stayed ..." 11 U.S.C. § 362(c)(3)(B). Not only must the motion be filed within the 30 day window. The hearing on the motion must also be completed before the expiration of that window. Just in case there is any doubt about the meaning and effect of this language, section 362 further states that, on request of a party in interest, "... the court *shall* issue an order under subsection (c) confirming that the automatic stay *has* terminated." 11 U.S.C. § 362(j).

The bankruptcy rules permit the court to grant extensions of time to file certain motions that are provided for in the rules. Nothing in the rules permits a court to modify a clear deadline that is imposed by the *statute*, however. Rules may not alter or amend the clear language of the statute. *See* 28 U.S.C. § 2075 (authorizing the Supreme Court to promulgate rules of procedure and practice for bankruptcy, but stating that "such rules shall not abridge, enlarge, or modify any substantive right").

The clear message here cannot be missed. A debtor desirous of obtaining an extension of

the automatic stay with respect to creditors who are otherwise the beneficiaries of the 30 day deadline in section 362(c)(3)(A) *must* file their motion before that 30 day deadline expires, and *must* assure themselves of a hearing on that motion before the expiration of that 30 day deadline. In fact, our local bankruptcy rules expressly provide that a party filing a motion under section 362(c)(3)(B) has to file a separate motion for expedited hearing to make sure that the party gets the hearing in time to comply with the statute.

As an additional reason for denying this particular motion, the court notes that the debtor did not serve affected creditors with this latest motion, though they would surely be directly affected by the outcome of any ruling on the motion. Thus, even if the debtors *could* obtain the relief they are requesting (and they cannot, as a matter of law, for the reasons stated above), they would be unable to obtain the relief in this case because no affected creditors were served with the motion.

For the foregoing reasons, the motion must be denied.

# # #